UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID MATHIS | CIVIL ACTION |
| VERSUS | |
| BURL CAIN, WARDEN, ET AL. | NO. 00-0940-RET-RLB |

**CONSOLIDATED WITH**

| | |
|---|---|
| BARRY S. EDGE | CIVIL ACTION |
| VERSUS | |
| RICHARD STALDER, ET AL. | NO. 01-0009-JJB-RLB |

### ORDER

This matter comes before the Court on the Motion of plaintiff Barry Edge in Civil Action No. 01-0009-RET-RLB to lift the stay that was previously entered in these proceedings relative to his individual claims (Rec. Doc. 15).[1]

Pursuant to Order dated August 13, 2004, this Court stayed proceedings relative to five (5) *pro se* plaintiffs in this consolidated litigation, one of whom being plaintiff Edge, pending the resolution of criminal charges which had been filed against them. In October, 2013, a jury convicted plaintiff Edge in connection with the pending criminal charges. Accordingly, pursuant to Order dated March 6, 2014 (Rec. Doc. 13), the Court directed the plaintiff to appear, in writing, within fourteen (14) days of the date of the Order, and advise the Court whether he wished to have the stay lifted. The plaintiff has now complied with the Court's Order by filing the instant Motion.

Whereas a Court is authorized to stay a civil proceeding during the pendency of parallel

---

[1] The plaintiff has also requested the appointment of counsel in the instant motion. The Court will address this request in a separate Order.

criminal proceedings, *see United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983), most courts have concluded that even when a stay is appropriate, it should terminate upon sentencing or acquittal in the criminal case, notwithstanding that appellate proceedings may still be continuing. *See Heller Healthcare Finance, Inc. v. Boyes*, 2002 WL 1558337, *3 (N.D. Tex., July 15, 2002) (finding that imposition of a stay lasting through appeal would likely be unduly burdensome to the plaintiff's interest). *See also Librado v. M.S. Carriers, Inc.*, 2002 WL 31495988, *2 (N.D. Tex., Nov. 5, 2002) (limiting duration of stay until sentencing or acquittal in connection with the criminal proceedings); *Frierson v. City of Terrell*, 2003 WL 21355969, *3 (N.D. Tex., June 6, 2003) (same).

Based upon the foregoing, the Court finds that the plaintiff's motion should be granted, lifting the stay entered in these proceedings relative to his claims. Although the plaintiff's criminal appeal proceedings in state court may not be final, he has a substantial interest in moving forward with his claims. The plaintiff is advised, however, that notwithstanding the pendency of appellate proceedings, he will be required to respond openly to discovery or face potential sanctions upon his failure to do so. Finally, considering the status of these proceedings and notwithstanding the plaintiff's request in the instant motion that his claims be consolidated with the claims of certain other *pro se* plaintiffs, the Court finds that it is appropriate that the plaintiff's individual claims be prosecuted separately. Accordingly, the Court will direct that the plaintiff's claims asserted in Civil Action No. 01-0009-RET-RLB be de-consolidated from Civil Action No. 00-0940-RET-RLB, such that plaintiff Edge will be allowed to proceed separately with this litigation. Accordingly,

**IT IS ORDERED** that the Motion of plaintiff Barry Edge in Civil Action No. 01-0009-RET-RLB, to lift the stay entered in this proceeding as to him, be and it is hereby **GRANTED**, such that Civil Action No. 01-0009-RET-RLB is hereby reinstated on the Docket of the Court.

**IT IS FURTHER ORDERED** that the plaintiff's individual claims asserted in Civil Action

No. 01-0009-RET-RLB be de-consolidated from Civil Action No. 00-0940-RET-RLB, and that Civil Action No. 01-0009-RET-RLB be re-assigned to the Honorable Judge James J. Brady.

Baton Rouge, Louisiana, this 27th day of May, 2014.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE