UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BARRY S. EDGE (#114250)**                                                         **CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**                                                **NO. 01-09-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 6, 2016.

                                                                           _____
                                                                           **RICHARD L. BOURGEOIS, JR.**
                                                                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BARRY S. EDGE (#114250)                                      CIVIL ACTION

VERSUS

RICHARD L. STALDER, ET AL.                                   NO. 01-09-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendant Paul Perkins (R. Doc. 44).  The Motion is opposed (R. Doc. 48) and the defendant filed a Reply (R. Doc. 51).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Richard Stalder, Burl Cain, Jimmy Johnson, Paul Perkins, David Bonnett, Doug Durrett, Ronald Welch, and Joseph Lamartiniere, complaining that the defendants violated his constitutional rights through the excessive use of force, and failing to intervene to protect him from the same.  Specifically, as to defendant Perkins, the plaintiff alleges that defendant Perkins failed to intervene despite witnessing the plaintiff being beaten outside the Education Building at Camp D.

The defendant moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, his own affidavit, and the deposition of the plaintiff dated June 30, 2015.

The plaintiff opposes the defendants' Motion for Summary Judgment relying upon the pleadings, a Statement of Disputed Material Facts, his own Declaration, his own deposition dated March 10, 2004, and the depositions of Jeffrey Clark, Kenneth Edwards, and Jonah Menard.  As set forth below, nothing provided by the plaintiff in opposition to the defendant's motion is

sufficient to show that there is genuine issue of material fact for trial regarding defendant Perkins.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the

Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his unverified amended Complaint, the plaintiff alleges the following with regards to defendant Perkins: On December 28, 1999 prison staff were assaulted and taken hostage in the Education Building at Camp D.  At the time of the incident, the plaintiff was attending an Alcoholics Anonymous meeting in the building.  Other inmates informed prison staff that an escape attempt was underway, and prison personnel then stormed the Education Building.  The plaintiff was handcuffed and shackled and subsequently beaten by prison staff.  The plaintiff was then placed on his knees in the hallway where he was again beaten by prison staff.  A third beating occurred when the plaintiff was taken back into the classroom for questioning.  The plaintiff was then escorted back to the hallway, and approximately five minutes later was thrown over a railing outside the Education Building.  The plaintiff is then beaten for a fourth time while defendant Perkins, and other defendants, observed the beating but failed to intervene. *See* R. Doc. 32.[1]

Defendant Perkins asserts that there is no genuine issue of material fact as to any claim asserted against him.  Specifically, defendant Perkins contends that the record contains no evidence that defendant Perkins was present at the time of the complained of beating, much less participated in the beating or witnessed it and failed to intervene.

In order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional

---

[1] The second amended Complaint (R. Doc. 32) does not specifically refer to and adopt by reference the original Complaint (R. Doc. 1) or first amended Complaint (R. Doc. 4).  The second amended Complaint, therefore, is the operative pleading in this matter. See *King, supra*, (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) and noting, "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The summary judgment evidence reflects that defendant Perkins left the Education Building after it was secured. He did not order any correctional officers to abuse any inmate, did not personally participate in any of the abuse that the plaintiff alleges was inflicted upon him, nor did he witness any physical abuse of any inmate. See R. Doc. 44-4, Affidavit of Paul Perkins.

The plaintiff has not presented sufficient summary judgment evidence to contravene the evidence presented by the defendant Perkins or demonstrate the existence of a genuine issue of disputed fact regarding whether defendant Perkins failed to intervene when excessive force was used against the plaintiff. In opposition to the defendant's Motion, the plaintiff has submitted his own deposition (dated March 10, 2004) along with the deposition of Jeffrey Clark; however, by Order of the Court dated July 22, 2004, these depositions were suppressed and barred from use by the parties for any purpose. *See Mathis v. Cain, et al*, 00-cv-0040, R. Doc. 163. As such, the Court cannot consider these depositions as competent summary judgment evidence.

The plaintiff also relies upon the depositions of Kenneth Edwards and Jonah Menard. A review of the deposition transcripts does not reveal any testimony tending to show that defendant Perkins was present when the plaintiff was allegedly being beaten outside the Education Building, and failed to intervene. See R. Docs. 48-5, and 49-6. Accordingly, the deposition testimony of Edwards and Menard does not create a genuine issue of material fact as to the plaintiff's claim against defendant Perkins.

Additionally, the plaintiff relies upon his own Declaration. Although the plaintiff indicates in his Declaration (R. Doc. 48-3) that defendant Perkins witnessed the plaintiff being beaten outside the Education Building and failed to intervene, his deposition testimony

contradicts his Declaration in this regard.  During his deposition, taken June 30, 2015, the plaintiff testified that he could not say for sure whether defendant Perkins was present outside the Education Building during the complained of beating.  When asked if defendant Perkins was present when the plaintiff was taken out of the Education Building, the plaintiff responded, "I can't say that I remember seeing him." *See* R. Doc. 44-3, p. 67.  A nonmoving party may not manufacture a dispute of material fact to defeat summary judgment by using an affidavit that impeaches, without explanation, sworn testimony.  *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 495-96 (5th Cir. 1996); *Doe v. Dallas Ind. School Dist.,* 220 F.3d 380, 386 (5th Cir. 2000).  Considering the contradiction between the plaintiff's statements in his Declaration and his deposition, the Court cannot consider the plaintiff's self-serving statement in his Declaration to be competent evidence that defendant Perkins was present during the complained of beating and failed to intervene.

Finally, the plaintiff relies upon the pleadings.  A verified complaint may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56 of the Federal Rules of Civil Procedure. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).  28 U.S.C. § 1746 provides for verification of an unsworn complaint when a plaintiff declares under penalty of perjury that the factual allegations contained therein are true and correct.[2]  When a complaint is so verified, the plaintiff faces the possibility of criminal prosecution for perjury if it is shown that he willfully or knowingly made material misrepresentations.  *See* 28 U.S.C. §§ 1621, 1623.  In turn, when a complaint is executed in the

---

[2] 28 U.S.C. § 1746 provides, "Wherever, … under any rule, … made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the … affidavit, in writing of the person making the same …, such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) … "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."

form prescribed by 28 U.S.C. § 1746, the factual allegations of the plaintiff's complaint are transformed from "mere allegations" to "specific facts" as if set forth in an affidavit. *See Searcy v. Cooper*, 2002 WL 535058, *3 (N.D. TX 2009). The plaintiff's amended Complaint (R. Doc. 32) does not contain the statements required by 28 U.S.C. § 1746 which would allow the Court to consider the amended Complaint as competent summary judgment evidence. As such, the plaintiff's allegations therein are unsubstantiated and are insufficient to establish personal involvement on the part of defendant Perkins.

Accordingly, there is nothing before the Court which tends to dispute the defendant's assertions. Based upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that the defendant's Motion is well-taken and that, on the record before the Court, defendant Perkins is entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the defendant's Motion for Summary Judgment (R. Doc. 44) be **GRANTED**, and that the plaintiff's claims against defendant Paul Perkins be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on September 6, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**